JUDGE ELLIOTT
delivered the opinion op the court.
We are of opinion that the ownership of the note sued on is sufficiently averred by the appellee. He charges that the note was executed to his testator; and, although he says the note was discounted in bank, he alleges that it is still his note, and exhibits it in his action. This court has often held that possession of á note is prima facie evidence of ownership, and appellee exhibits the note and claims it as his; that claim and possession will be respected till his title to the note is denied by the pleadings of his adversary.
We are also of opinion that the court correctly adjudged the debt to bear ten per cent interest till paid. The appellants promised the appellee’s testator to pay the principal of the debt “ with interest at the rate of ten per cent per annum from date until paid.”
On a coercive sale of appellants’ mortgaged property in pay *544 ment of appellee’s claim, the law directed that the purchaser should have six months within which to pay the sale-bonds, which bonds were directed to bear ten per cent interest. It is said, however, that the execution of the sale-bonds amounts to a satisfaction of the appellee’s judgment, and that therefore six per cent and not ten is the interest they lawfully bear. It is true that the sale-bonds satisfy the original judgment, but they do not pay the appellee’s debt, and as the appellants have covenanted that the appellee shall receive ten per cent interest on his demand till it is paid, the only way to enforce this promise is to require the sale-bonds to bear ten per cent interest ; for, although the sale-bonds may release appellants from further liability by a sale of their property on six months’ time, still if the bonds only called for six per cent interest, the promise of appellants to pay ten per cent interest till the debt was paid would have been violated, which the court correctly adjudged should not be done, and. that judgment is affirmed.